925 F.2d 490
 288 U.S.App.D.C. 259
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Robert S. BEIDELMAN, Appellant.
 No. 90-3083.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 7, 1991.
Rehearing Denied March 28, 1991.
 
 Before MIKVA, Chief Judge; RUTH BADER GINSBURG and CLARENCE THOMAS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 On February 1, 1990, appellant Beidelman was convicted of various drug-related offenses following a three-day jury trial. On appeal, Beidelman pursues three objections. He argues first that the district court erred in instructing the jury on the propriety of undercover police operations when he did not present an entrapment defense. Although Beidelman maintains that he did not assert such a defense, he in fact laid the groundwork for an entrapment plea before he "took the issue of entrapment out of the case on January 31, 1990," the second day of trial. Brief for Appellant at 16; see Brief for Appellee at 7-8 (court perceived that counsel's questioning was directed toward an entrapment defense but reserved ruling on admissibility of predisposition evidence until defense was explicitly raised). Therefore, the court was warranted in instructing the jury on undercover operations in order to prevent it from "reach[ing] some sort of ad hoc moral judgment on the propriety of the police conduct." Tr. 418. Moreover, any prejudice resulting from the instruction was offset by the court's additional instruction that the jury should evaluate a police officer's testimony as it would evaluate the testimony of any other witness.
 
 
 5
 Beidelman asserts next that the district court erred in allowing an undercover officer to testify that Beidelman told him during a telephone conversation that he had been "locked up." Beidelman relies on the court's statement in Barnes v. United States, 365 F.2d 509 (D.C.Cir.1966), that "[i]t is well-settled law that the criminal record of a defendant may not be introduced into evidence at trial unless the defendant takes the stand or otherwise places his character in issue." Id. at 510.
 
 
 6
 The standard for the admission of "other crimes" evidence is set forth in Rule 404(b) of the Federal Rules of Evidence, which provides:
 
 
 7
 Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 8
 Rule 403, which applies to evidence acceptable under Rule 404(b), see United States v. Manner, 887 F.2d 317, 321 (D.C.Cir.1989), cert. denied, 110 S.Ct. 879 (1990), states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." The court evaluates other crimes evidence under Rules 403 and 404(b) without reference to whether the accused testified at trial. See, e.g., United States v. Manner, 887 F.2d 317 (D.C.Cir.1989) (no indication that appellant testified at trial), cert. denied, 110 S.Ct. 879 (1990); United States v. McDowell, 762 F.2d 1072 (D.C.Cir.1985) (no indication that appellant testified at trial); United States v. Childs, 598 F.2d 169 (D.C.Cir.1979) (appellant's mother was his sole witness).
 
 
 9
 Beidelman argues that the undercover officer's testimony that Beidelman told him he had been "locked up" was irrelevant or, in the alternative, its probative value was substantially outweighed by the danger of unfair prejudice. This court "review[s] a trial court's Rule 403 determinations concerning other crime evidence for 'grave abuse,' " and the court "lean[s] towards admitting evidence in close cases." Manner, 887 F.2d at 322.
 
 
 10
 We are satisfied that the district court's admission of the undercover agent's testimony was not an abuse of discretion. The agent's testimony was relevant to at least two issues. First, the testimony explained why Beidelman and the agent had been out of contact from July 11 to August 1, 1989, despite the fact that they had negotiated a drug transaction on the earlier date. Second, the United States could reasonably have anticipated that Beidelman would raise an entrapment defense, and the agent's testimony tended to show that the failure to complete the July 11 transaction and the lack of contact between Beidelman and the agent for the following three weeks was not a result of Beidelman's unwillingness to conduct drug transactions with the agent.
 
 
 11
 Moreover, the limits imposed by the court and the manner in which the United States presented the agent's testimony minimized any resulting prejudice to Beidelman. The court made clear that the agent's testimony would be admissible only if the United States established that he had tried unsuccessfully to contact Beidelman during the period in question. The court also ruled that the agent could not testify about the nature of the offense for which Beidelman had been jailed and that the portion of the tape in which Beidelman discussed the matter could not be played for the jury. Thus, the court kept from the jury Beidelman's explanation that he had been arrested for assaulting the brother of a man he believed to have stolen drugs from him, an explanation that was highly prejudicial in both language and substance. Finally, the United States did not highlight or dwell on the agent's testimony. The prosecutor merely asked the agent whether Beidelman "ha[d] an explanation for why your beeper calls weren't returned," to which the agent responded: "He told me he couldn't call me because he was locked up." Tr. 106.
 
 
 12
 Beidelman also contends that the portion of the tape in which he stated that he had been locked up was inadvertently played before the jury; because the court reporter did not transcribe the playing of the tape, Beidelman maintains that appellate review is not possible. As the district court stated that it had not heard the statement or perceived a reaction from the jury, it is not clear that the taped statement was in fact played. Assuming, arguendo, that Beidelman's statement was played for the jury, the court reporter's failure to transcribe the tape playing does not make appellate review impossible. Inadvertent playing of the tape would rank as harmless error given the agent's prior testimony on this matter and the only marginal increase in prejudice fairly attributable to this alleged slip. We therefore affirm Beidelman's convictions.